IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>RENATO M. GARCIA, a/k/a<br>Renato Da Costa Ponta-Garca | Cr. No. 04-069T |

**UNITED STATES' MOTION FOR PRIOR JUDICIAL APPROVAL TO ISSUE SUBPOENA DUCES TECUM TO ATTORNEY LOUIS B. CAPPUCCIO, JR.**

The United States is seeking to issue a deposition subpoena to attorney Louis B. Cappuccio, Jr. Pursuant to Local Rule 4(d) and Rhode Island Rules of Professional Conduct 3.8(f), and for the reasons stated in the attached memorandum of law, the government respectfully requests approval for the issuance of a subpoena *duces tecum*, requiring Cappuccio to appear for deposition upon oral examination under oath and to provide certain documents to the government.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of July, 2005, I caused a copy of the foregoing Motion for Prior Judicial Approval to Issue Subpoena Duces Tecum to Attorney, Louis B. Cappuccio, Jr., memorandum in support thereof, and proposed order, to be forwarded, by postage prepaid mail, to:

Louis B. Cappuccio, Jr.
17 Granite Street
Westerly, Rhode Island 02891

and

William C. Dimitri
462 Broadway
Providence, Rhode Island 02909

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cr. No. 04-069T |
| | ) | |
| RENATO M. GARCIA, a/k/a | ) | |
| Renato Da Costa Ponta-Garca | ) | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR PRIOR JUDICIAL APPROVAL TO**
**ISSUE SUBPOENA DUCES TECUM TO ATTORNEY LOUIS B. CAPPUCCIO, JR.**

Pursuant to Rule 3.8(f) of the Rhode Island Rules of Professional Conduct, incorporated herein by Local Rule 4(d), the United States respectfully requests that this Court approve the issuance of a deposition subpoena *duces tecum* to attorney Louis Cappuccio B. Cappuccio, Jr. The subpoena will request records relating to Cappucio's alleged ownership of an AM General Hummer H1 (VIN# 137ZA90371E1983). The proposed subpoena is attached as Exhibit One. As explained below, the subpoena requests records and testimony regarding Cappuccio's personal activities, which are not protected by the attorney-client privilege.

**Discussion**

On November 1, 1988, the Rhode Island Supreme Court adopted the proposed Rules of Professional Conduct. Included in those rules was Rule 3.8(f), which provides "the prosecutor in a criminal case shall ... (f) not, without prior judicial approval, subpoena a lawyer for the purpose of compelling the lawyer to provide evidence concerning a person who is or was represented by

the lawyer when such evidence was obtained as a result of the attorney-client relationship."

On April 20, 1989, this Court incorporated the Rhode Island Rules of Professional Conduct, including Rule 3.8(f), into its Local Rules. Local Rules 4(d). The First Circuit Court of Appeals has upheld this Court's incorporation of local Rule 3.8. Whitehouse v. United States District Court, 53 F.3d 1349, 1357-58 (1st Cir. 1995).

Attorney Louis B. Cappuccio, Jr. entered his appearance on behalf of the defendant, Renato M. Garcia, on May 26, 2004. On October 1, 2004, Cappuccio moved to withdraw as defendant's counsel[1]. Garcia later pled guilty to the money laundering charges contained in the indictment and on April 1, 2005, was sentenced to a 42 month term of imprisonment. On April 20, 2005, a Preliminary Order of Forfeiture was entered forfeiting Garcia's interest in Renskip Motor Sales, Inc.

On June 14, 2005, this court entered an order authorizing discovery to resolve factual issues regarding the third party claim of Richard Vendola to $54,500 of the funds seized from Renskip Motor Sales, Inc. The government took Vendola's deposition on June 30, 2005. During said deposition, Vendola testified that his $54,500 claim relates to the sale of his

[1] The court docket does not reflect whether Cappuccio's motion was acted upon.

personal vehicle, the 2001 Hummer referenced above, through the Renskip Motors web site. Vendola testified that he had purchased the vehicle from Renskip with a $20,000 cash deposit and a loan in the amount of $36,000 through Charter Oak Federal Credit Union. Vendola testified that he purchased the vehicle intending to use it for a brief period and then to sell it. Approximately two months before the seizure of Renskip Motor Sales, Inc., the Hummer was sold for $54,500 through the Renskip web site and the $54,500 allegedly wired into the Renskip checking account which was later seized along with Renskip Motors. The vehicle was delivered to the buyer along with the invoice and the original title certificate in Cappuccio's name. The government now seeks information relative to the ownership of the vehicle and the alleged transfer of title from Cappuccio to Renskip and from Renskip to the claimant and ultimately to the buyer.

Information about an attorney's personal activities is not privileged. As Exhibit One illustrates, the government is not seeking testimony or substantive records of any confidential communications between the defendant and his attorney. Also, prior to filing this motion, the undersigned was obliged by Department of Justice policy to obtain the permission of the Assistant Attorney General for the Criminal Division. See U.S. Attorney's Manual §9-13.410. On July 11, 2005, that permission was granted. The approval is attached as Exhibit Two.

CONCLUSION

For the foregoing reasons, the government requests that this Court authorize the government to issue a subpoena duces tecum to Louis B. Cappuccio, Jr.

Should the Court grant the government's motion, the approval order will be served with the subpoena.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Michael P. Iannotti
MICHAEL P. IANNOTTI
Assistant U.S. Attorney

Date: July 13, 2005

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

**DISTRICT OF** RHODE ISLAND

UNITED STATES OF AMERICA

V.

RENATO GARCIA,
a/k/a RENATO DACOSTA PONTA-GARCIA

## SUBPOENA IN A CIVIL CASE

**CASE NUMBER:**
CR 04-069T

TO: LOUIS CAPPUCCIO, ESQ.
17 GRANITE STREET
WESTERLY, RHODE ISLAND 02891

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| OFFICE OF THE UNITED STATES ATTORNEY<br>50 KENNEDY PLAZA, 8TH FLOOR, PROVIDENCE, RHODE ISLAND 02903 | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ANY AND ALL DOCUMENTS RELATING TO THE FINANCING, OWNERSHIP, INSURANCE, TITLE AND TRANSFER OF TITLE TO A 2001 AM GENERAL HUMMER H1 (VIN# 137ZA90371E19183).

| PLACE | DATE AND TIME |
|---|---|
| OFFICE OF THE UNITED STATES ATTORNEY<br>50 KENNEDY PLAZA, 8TH FLOOR, PROVIDENCE, RHODE ISLAND 02903 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ASSISTANT U.S. ATTORNEY MICHAEL P. IANNOTTI, ATTORNEY FOR PLAINTIFF | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
ASSISTANT U.S. ATTORNEY MICHAEL P. IANNOTTI, OFFICE OF THE UNITED STATES ATTORNEY
50 KENNEDY PLAZA, 8TH FLOOR, PROVIDENCE, RHODE ISLAND 02903 401-709-5000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

This form was electronically produced by Elite Federal Forms, Inc.

EXHIBIT ONE

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

**(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.**

**(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.**

**(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.**

**(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it**

**(i) fails to allow reasonable time for compliance;**

**(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or**

**(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or**

**(iv) subjects a person to undue burden.**

**(B) If a subpoena**

**(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or**

**(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's's study made not at the request of any party, or**

**(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.**

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

**(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.**

**(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.**

EXHIBIT ONE

TOTAL P.01

**U.S. Department of Justice**

Criminal Division

*Office of the Assistant Attorney General* *Washington, DC 20530-0001*

JUL 11 2005

The Honorable Robert Clark Corrente
United States Attorney
District of Rhode Island
Providence, Rhode Island 02903

Attention: Michael P. Iannotti
Assistant United States Attorney

Re: Subpoena to:
Louis Cappuccio, Esq.

Dear Mr. Corrente:

Your request to issue the above-referenced subpoena in the case of United States v. Renato M. Garcia has been reviewed by this office. Authorization is granted to issue a subpoena to Louis Cappuccio for the information set out in your request.

Sincerely,

John C. Richter
Acting Assistant Attorney General

**Mary Lee Warren**
**Deputy Assistant Attorney General**
**Criminal Division**

EXHIBIT TWO

P.01/01