IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) Cr. No. 04-069T |
| | ) |
| RENATO M. GARCIA, a/k/a | ) |
| Renato Da Costa Ponta-Garca | ) |

## MOTION FOR INTERLOCUTORY SALE

Now comes the United States of America, by and through its attorneys, and moves the court for an order of sale of certain motor vehicles that were seized from Renskip Motor Sales, Inc., listed in Exhibit A attached hereto, and which are included in the Preliminary Order of Forfeiture entered by the Court on April 19, 2005.

In support of said motion, the government states as follows:

1. That on April 19, 2005, a Preliminary Order of Forfeiture was entered forfeiting the interest of the defendant, Renato M. Garcia, in all of the stock, assets, and inventory of the business known as RENSKIP MOTOR SALES, INC., 85 Main Street, Westerly, Rhode Island, including, but not limited to, the motor vehicles listed in Exhibit A, pursuant to 18 U.S.C. § 982(a)(1) which provides for the forfeiture of property which is involved in or traceable to violations of 18 U.S.C. § 1956(a)(3)(C).

2. That 21 U.S.C. § 853(e)(1), as incorporated by 18 U.S.C. § 982(b)(1), authorizes the Court, upon application of the United States, to "take any . . . action to preserve the availability of property. . . for forfeiture."

3. That since the seizure of the above-referenced vehicles the United States Marshal has incurred storage costs of approximately $71,000.00 and storage costs will continue to accrue at the rate of approximately $160.00 per day until said vehicles are sold.

4. That no claims to the vehicles listed in Exhibit A have been filed since the entry of the Preliminary Order of Forfeiture.

5. That the vehicles should be sold in a commercially reasonable manner as storage fees (in addition to depreciation) are greatly reducing the value of the vehicles.

6. That upon completion of the sale of each vehicle, the funds would be distributed as follows:

(a) the costs of the sale;

(b) the payment of any outstanding liens on the vehicles; and

(c) the remainder to be deposited in the United States Marshals Seized Asset Deposit Account pending the entry of a Final Order of Forfeiture.

7. That the remaining vehicles listed in the Preliminary Order of Forfeiture, need not be sold as they are not incurring storage costs and are expected to be retained by the government in the event that they are forfeited.

For the foregoing reasons the Government's Motion for Interlocutory Sale of the above-referenced vehicles should be granted.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2005, I caused a copy of the foregoing **MOTION FOR INTERLOCUTORY SALE**, supporting memorandum, and proposed order to be forwarded, by regular mail, to:

William C. Dimitri, Esq.
462 Broadway
Providence, RI 02909

**EXHIBIT A**

| | VEHICLE ID NUMBER | DESCRIPTION OF VEHICLE |
|---|---|---|
| 1. | 1FTZR15E91TA36132 | 2001 Ford Ranger 4X4 XLT |
| 2. | WP0CA2996TS341631 | 1996 Porsche 942 Convertible |
| 3. | WPOEB0910KS170538 | 1989 Porsche 911 Cabriolet |
| 4. | WPODA2992TS385209 | 1996 Porsche 911 X-Targo |
| 5. | WPOAA2992SS321270 | 1995 Porsche 911 Carrera |
| 6. | J8DC4B144Y7012488 | 2000 GMC 14' Box Truck |
| 7. | 3VWVB81H3WM235983 | 1998 Volkswagon Jetta |
| 8. | 5TBBT481X3S387753 | 2003 Toyota Tundra |
| 9. | WDBAB33C4FA271960 | 1985 Mercedes 300D |
| 10. | 2HGEJ6520VH575168 | 1997 Honda Civic |
| 11. | 4A3AL54F8VE169245 | 1997 Mitsubishi GSX |
| 12. | 1G4BR8370NW406432 | 1992 Buick Roadmaster |
| 14. | 2HGEJ6615YH552706 | 2000 Honda Civic |
| 15. | WDBJH82F1XX023879 | 1999 Mercedes Benz |
| 16. | 3VWSB81H1VM054723 | 1997 Volkswagon Jetta GLS |
| 17. | 4T1BF12B0VU158829 | 1997 Toyota Avalon XL |
| 18. | 4T1BF18B0WU230203 | 1998 Toyota Avalon XL |
| 19. | 4B3AG42G6E155175 | 2003 Dodge Stratus |
| 20. | 1B7HF13Y8XJ570972 | 1999 Dodge Ram 1500 PK |
| 21. | 1N6DD21S3XC333364 | 1999 Nissan Frontier Pickup |
| 22. | 1FMFU18L9VLA76921 | 1997 Ford Expedition SUV |
| 23. | JT3HJ85J7T0128471 | 1996 Toyota Land Cruiser |

| | | |
|---|---|---|
| 24. | WPOEB091XFS170228 | 1985 Porsche 911 Carrera Conv. |
| 25. | 1HGCD5651SA087682 | 1995 Honda Accord |
| 26. | WDBEB31E9SC072715 | 1995 Mercedes Benz E300 Special Edition Sedan |
| 27. | 2HGEJ657XVH524031 | 1997 Honda Civic |
| 28. | 4T1VK13E9NU001379 | 1992 Toyota Camry XLE |
| 29. | JT23022K7W0177326 | 1998 Toyota Camry LE |
| 30. | WDBGA76G2VA358130 | 1997 Mercedes Benz S600 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
AUG 29 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cr. No. 04-69T |
| | ) | |
| RENATO M. GARCIA, a/k/a | ) | |
| Renato Da Costa Ponta-Garca | ) | |

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S MOTION FOR INTERLOCUTORY SALE

On April 19, 2005, a Preliminary Order of Forfeiture was entered forfeiting the interest of the defendant, Renato M. Garcia, in all of the stock, assets, and inventory of the business known as RENSKIP MOTOR SALES, INC., 85 Main Street, Westerly, Rhode Island, including, but not limited to, the motor vehicles listed in Exhibit A, pursuant to 18 U.S.C. § 982(a)(1) which provides for the forfeiture of property which is involved in or traceable to violations of 18 U.S.C. § 1956(a)(3)(C).

Pursuant to 21 U.S.C. § 853(e)(1), as incorporated by 18 U.S.C. § 982(b)(1), the Court is authorized, upon application of the United States, to "take any . . . action to preserve the availability of property. . . for forfeiture." Since the seizure of the vehicles referenced in the within motion, the United States Marshal has incurred storage costs of approximately $70,000.00 and storage costs will continue to accrue at the rate of approximately $160.00 per day until said

vehicles are sold. No claims have been filed to any of the vehicles listed in Exhibit A. Accordingly, the vehicles should be sold in a commercially reasonable manner as storage fees (in addition to depreciation) are greatly reducing the value of the vehicles.

For the foregoing reasons the Government's Motion for Interlocutory Sale of the above-referenced vehicles should be granted.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Michael P. Iannotti

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2005, I caused a copy of the foregoing **MOTION FOR INTERLOCUTORY SALE**, supporting memorandum, and proposed order to be forwarded, by regular mail, to:

William C. Dimitri, Esq.
462 Broadway
Providence, RI 02909