IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cr. No. 04-069T |
| | ) | |
| RENATO M. GARCIA, a/k/a | ) | |
| Renato Da Costa Ponta-Garca | ) | |

**GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT**
**WITH RESPECT TO THE CLAIM OF RICHARD VENDOLA**

Now comes the United States of America, by and through its attorneys, pursuant to Fed. R. Civ. P. 56, as incorporated by Fed. R. Crim. P. 32.2(c)(1)(B), and moves for summary judgment with respect to the claim of Richard Vendola to $57,000 from the funds seized from Renskip Motor Sales for the reason that there is no genuine issue as to any material fact and the government is entitled to judgment as a matter of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Michael P. Iannotti

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October 2005, I caused a copy of the foregoing **GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO THE CLAIM OF RICHARD VENDOLA** and supporting memorandum of law and Statement of Undisputed Facts to be forwarded, by regular mail, to:

Richard Vendola
614 Laurel Hill Road
Norwich, CT 06360

Nancy A. DiQuinzio

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cr. No. 04-069T |
| | ) | |
| RENATO M. GARCIA, a/k/a | ) | |
| Renato Da Costa Ponta-Garca | ) | |

**MEMORANDUM IN SUPPORT OF**
**GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT**
**WITH RESPECT TO THE CLAIM OF RICHARD VENDOLA**

PLEADINGS

On April 19, 2005, a Preliminary Order of Forfeiture was entered forfeiting the interest of the defendant, Renato M. Garcia, in all of the stock, assets, and inventory of the business known as Renskip Motor Sales, Inc., 85 Main Street, Westerly, Rhode Island ("Renskip"), including, but not limited to, bank account number 1412-776-8 ($285,278.91) in the name of Renskip Motor Sales located at Citizens Bank, One Citizens Plaza, Providence, Rhode Island ("the Renskip account").

On May 16, 2005, the United States Attorney received a "Petition to file a claim" from Richard Vendola in which he was apparently seeking $57,000 from Renskip.

On June 14, 2005, the Court granted the government's motion, pursuant to Fed. R. Crim. P. 32.2 (c)(1)(B), for authorization to conduct discovery regarding the Vendola claim. The government deposed Vendola on June 30, 2005.

DESCRIPTION OF MOTION

The government seeks summary judgement with respect to the claim of Richard Vendola for the reason that Vendola will not be able to establish an ownership interest in Renskip Motor Sales, Inc. or any of its assets based upon the undisputed facts.

STATEMENT OF FACTS

On October 28, 2002, Renato Garcia's attorney, Louis Cappuccio, Jr., entered into a sales agreement with Garcia to purchase a 2001 Hummer from Renskip for $87,000 with a $27,000 down payment and the $60,000 balance financed through the Westerly Credit Union.[1] In November 2003, Cappuccio sold the Hummer to Renskip in exchange for Renskip paying off the $44,577.35 balance of the Westerly Credit Union loan. The original certificate of title in Cappuccio's name indicated that there was no lienholder. The title was transferred to Renato Garcia with Cappuccio's undated signature. The odometer disclosure statement indicated the mileage as being

---

[1] The Certificate of Title for the Hummer indicates that Cappuccio actually purchased the Hummer as a new vehicle on January 11, 2002 and that the vehicle had an odometer reading of 381 miles. At his August 16, 2005 deposition, Cappuccio testified that he purchased the 2001 Hummer from Jack's Chevrolet in Colchester, Ct. in January 2002 using a trade-in worth $27,000 and paying $60,000 in check drawn on his account at Washington Trust Company.

21,101. Records of the Westerly Credit Union indicated that Cappuccio's loan was paid in full on November 21, 2003.

A Renskip purchase order dated November 14, 2003, indicated that the claimant, Richard Vendola, purchased the 2001 Hummer from Renskip for $56,000 with a $20,000 cash down payment and a $36,050 "auto dealer loan" from Charter Oak Federal Credit Union. The purchase order indicated that the mileage on the odometer was 3,908.[2] Although Vendola insured the vehicle and obtained the above-referenced loan, the vehicle was never registered to him and the title was never transferred to his name.

On March 2, 2004, Vendola was contacted by Jean Marc Agostini (who was acting on behalf of Francois Morabito from France) who had seen the Hummer listed for sale on the Renskip Website. On March 5, 2004, Morabito caused $2,500 to be wire-transferred to the Renskip account as a down-payment on the Hummer.

On March 6, 2004, Garcia sold a Ford Expedition to a Drug Enforcement Administration confidential source ("CS")for

[2]At his June 30, 2005 deposition, Vendola indicated that although the mileage stated was 3,908, this was a mistake as he knew there was actually 33,000 miles on the Hummer when he purchased it. Vendola also admitted that he was aware that Garcia had turned back odometers on vehicles that he later sold. Vendola also admitted that he was aware that Garcia was selling marijuana and cocaine.

$15,000 which was represented to be the proceeds of drug trafficking. Vendola completed the paperwork for the transaction, representing the sale price to be $9,500 and Vendola wrote "refuses to give" with respect to the Social Security number. This transaction was one of three transactions for which the defendant, Renato Garcia, was convicted on April 1, 2005.

On March 9, 2004, Morabito caused $51,967, the remainder of the purchase price for the Hummer, to be wire-transferred into the Renskip Account.

On March 18, 2004, Renato Garcia as "seller," executed a Renskip purchase agreement to sell the Hummer to Morabito for $54,500. The purchase agreement indicated the lienholder's name as being "none" and the license or title number as being "[6]813600-CT". The mileage shown on the purchase agreement was 31,011. The name "Rick Vendola" was noted as "salesperson."

In late April 2004, the Hummer was shipped to France.

On May 25, 2004, a search and seizure warrant was executed at Renskip. As part of the execution of the seizure warrant, $285,278 was seized from the Renskip Account.

Between March 9, 2004, when the $51,967 was deposited and May 25, 2004, when Renskip was seized, $1,460,715 in

checks were drawn on the Renskip Account; $1,516,550 in additional deposits were made to the Renskip account; $50,800 was wire-transferred out of the Renskip account; and $103,985 in additional funds were wire-transferred into the Renskip account. The average daily balance in the Renskip account during this period was $175,954.

## ISSUE

WHETHER THE UNDISPUTED FACTS ESTABLISH THAT THE CLAIMANT, RICHARD VENDOLA, DOES NOT HAVE AN OWNERSHIP INTEREST IN RENSKIP MOTOR SALES, INC. AND ITS ASSETS AND THEREFORE, DOES NOT HAVE STANDING TO ASSERT A CLAIM

## POINTS AND AUTHORITIES

Pursuant to 21 U.S.C. § 853(n)(6), a petitioner asserting a claim to property that is the subject of a preliminary order of forfeiture must demonstrate by a preponderance of the evidence that:

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

This provision is essentially a standing requirement. See United States v. Padilla-Galarza, 351 F.3d 594, 600 (1st Cir. 2003).

The petitioner, Richard Vendola, will not be able to establish *any* right, title, or interest to $57,000 from the Renskip account.

Vendola claims that he is owed the $57,000 because the proceeds of a vehicle owned by him were deposited into the Renskip account.

As a mere unsecured creditor of Renato Garcia and/or Renskip, Vendola has no standing to assert a claim to the funds from the Renskip account. United States v. Ribadeneira, 105 F.3d 833, 836 (2d Cir. 1997); United States v. BCCI Holdings (Luxembourg) S.A., 46 F.3d 1185 (D.C.Cir. 1995), cert. denied, 515 U.S. 1160 (1995). United States v. Perkins, 382 F. Supp. 2d 146 (D. Me. 2005)(A person to whom the defendant owes child support payments is an unsecured creditor without standing to contest the forfeiture of the defendant's property unless she converted her debt to a secured interest in the property and a lien was recorded prior to the commission of the criminal acts giving rise to the forfeiture). An interest in property, for purposes of the forfeiture statute, must be an interest in a specific asset as

opposed to a generalized interest in an entire estate or account. See United States v. McCorkle, 143 F. Supp. 2d 1311, 1319-20 (M.D. Fla. 2001)("a general creditor has no vested or superior interest in particular assets forfeited unless he not only has secured a judgment against the debtor, but also has perfected a lien against a particular item").

In United States v. Ribadeneira, 105 F.3d at 836, the court held that a person holding a check drawn on the defendant's forfeited bank account is a general unsecured creditor with no interest in specific funds. The court reasoned that since dollars are fungible, the check holders were not able to assert a "sufficiently identifiable legal interest" to satisfy the requirements of subsection 853(n). See also United States v. Schwimmer, 968 F.2d 1570, 1579-81 (2d Cir. 1992)(General creditors lack a legal interest in forfeited property because they cannot establish the five elements required for standing under a similar statute, 18 U.S.C. § 1963(ℓ)(6)).[3] Likewise, bank depositors, as general

[3]The five elements are: (1) the petitioner must assert a right, title, or interest (2) that must be in the property ordered forfeited (3) that must be a legal right, title, or interest (4) that renders the forfeiture order invalid in whole or in part (5) because either (a) the petitioner's interest was vested at the time of the commission of the illegal acts or (b) the petitioner's interest was superior to the defendant's interest at the time of the commission of the acts. Schwimmer, 968 F.2d at 1580.

unsecured creditors, have "no interest in the specific accounts to which their deposits might be traced, only in the defendant's estate as a whole..." United States v. BCCI Holdings (Luxembourg) S.A., 46 F.3d at 1191-92.

Vendola claims to be no more than an individual whose funds were deposited in the Renskip account two months prior to the seizure. Vendola does not purport to have a security interest in either the account or any of the other assets of Renskip. As an unsecured creditor, he has no standing to assert a claim to particular assets of Renskip. Vendola is, however, not without a remedy. According to the facts as alleged by Vendola, the person responsible for Vendola's situation is the defendant, Renato Garcia, who refused to pay the Vendola the money he was owed. Vendola should, therefore, seek the money from Garcia, who has substantial assets[4] rather than from the particular Renskip assets that the government seeks to forfeit.

Even if Vendola did have standing to assert a claim to Renskip funds, Vendola would not be able to establish an ownership interest in the Hummer from which the funds he is

---

[4]The Court may take judicial notice of the fact that as part of the Plea Agreement, the government agreed not to forfeit five parcels of real property that were owned by Garcia.

claiming were derived. As indicated above, the Hummer was never registered to Vendola or titled in his name. All of the circumstances surrounding the sale of the vehicle to Morabito indicated that the vehicle was being sold by Renskip, not Vendola. These circumstances include the fact that the Hummer had Renskip dealer plates; the Hummer was advertised for sale on the Renskip website; it was sold through a Renskip purchase agreement signed by Renato Garcia and listing Vendola as a salesman; the title to the Hummer was transferred by Garcia, and the funds to pay for the Hummer were deposited into the Renskip account where they remained for more than two months prior to the seizure.

CONCLUSION

For the reasons stated above, the claimant, Richard Vendola, lacks standing to assert a claim as he will not be able to establish an ownership interest in Renskip Motor Sales, Inc. or any of its assets. Therefore, there is no genuine issue as to any material fact and the government is entitled to judgment as a matter of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October 2005, I caused a copy of the foregoing **GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO THE CLAIM OF RICHARD VENDOLA** and supporting memorandum of law and Statement of Undisputed Facts to be forwarded, by regular mail, to:

Richard Vendola
614 Laurel Hill Road
Norwich, CT 06360