IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) Cr. No. 04-069T |
| | ) |
| RENATO M. GARCIA, a/k/a | ) |
| Renato Da Costa Ponta-Garca | ) |

**GOVERNMENT'S MEMORANDUM**
**WITH RESPECT TO THE CLAIM OF CHAD R. MARTELL**

On April 19, 2005, a Preliminary Order of Forfeiture was entered forfeiting the interest of the defendant, Renato M. Garcia, in all of the stock, assets, and inventory of the business known as Renskip Motor Sales, Inc., 85 Main Street, Westerly, Rhode Island ("Renskip").

On May 27, 2005, the United States Attorney received the Notice of Claim of Chad R. Martell ("Martell") in which Martell "claims an interest" in a 2003 Hummer H2, VIN No. 5GRGN23U53H132573 ("the Hummer") which is part of the Renskip inventory.

STATEMENT OF FACTS

Martell claims that he purchased the Hummer from Renskip on April 15, 2003, for $54,490 by paying $14,490 in cash and financing the remaining $40,000 through the Rhode Island State Employees Credit Union. However, the Renskip sales agreement provided by Martell shows the purchase of a Hummer with a different vehicle identification number.

On or about the same date, a new 2003 Hummer was also purchased from Renskip by Martell's girlfriend, Dacia L. Scarpellino, with financing also provided by the Rhode Island State Employees Credit Union.

According to Martell, Scarpellino's Hummer was later traded-in and applied toward the purchase of a new Audi automobile. Martell's vehicle was left with Renskip, allegedly based upon a representation by Garcia that he had a buyer for it.

Rhode Island State Employees Credit Union records indicate that both vehicle loans were paid in full with a Citizens Bank Check dated May 14, 2004 in the amount of $67,920.29. (Exhibit One). Rebecca Gloins, an Assistant Manager at Citizens Bank has indicated that the check numbered 973469339-4 dated May 14, 2004 for $67,920.29 was a Citizens Bank check and the funds for the check were drawn directly from the Renskip account at Citizens on May 14, 2004. Martell's balance was $31,990.

The Hummer was seized by the agents of the Drug Enforcement Administration on May 25, 2004 pursuant to the execution of a seizure warrant for Renskip.

## POINTS AND AUTHORITIES

Pursuant to 21 U.S.C. § 853(n)(6), a petitioner asserting a claim to property that is the subject of a preliminary order of forfeiture must demonstrate by a preponderance of the evidence that:

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

Since Garcia's interest in Renskip has been forfeited to the Government, the Government, through the forfeiture, "steps into the shoes" of Renskip Motors with respect to the ownership of Renskip or any of its assets or inventory. County of Oakland v. Vista Disposal, 840 Supp. 75, 77 (E.D.Mich. 1993), *quoting* Oakland v. Vista, 826 F.Supp. 218, 224 (E.D. Mich.1993).

Martell claims that the Hummer should be returned to him because the vehicle was simply consigned to Renskip and is titled in his name (although he does not have possession of the original title). He argues that Garcia promised that upon the sale of the

Hummer he would pay Martell an additional amount over and above the $31,990 payoff of his loan. However, Martell can produce no documentation evidencing such an agreement.

Under Rhode Island law, a contract for the sale of goods for more than $500 is enforceable only when reduced to writing; or in lieu of a written contract, when payment for the goods has been made and accepted, or when the goods have been received and accepted. (Uniform Commercial Code, R.I.G.L. § 6A-2-201.) Here, Martell cannot produce a written contract evidencing his claim that Garcia promised to pay any more than the $31,990 payoff of his loan. Having delivered the Hummer to Renskip, and having accepted the $31,990 loan payoff, Martell cannot now claim that he is entitled to receive any additional consideration absent a written contract.

Also under Rhode Island law, title is not the sole indication of ownership of a vehicle. A vendee may have superior rights to a vehicle where money has been paid for the vehicle, but title not yet transferred. In re John Algiere, Inc., 20 B.R. 615, 616, (1982) *quoting* Hunt v. Century Indemnity Co., 58 R.I. 336, 192 A. 799 (1937).

At the time of the seizure on May 25, 2004, Renskip had possession of the Hummer and exercised dominion and control over the vehicle. Most significantly, by May 14, 2004, Renskip's interest in the Hummer had gone well beyond a consignment by

Renskip's payment of the $31,990 balance that was due on Martell's loan. Martell, having received payment for the vehicle[1] will, therefore, not be able to establish an interest in the vehicle that is superior to the Government's (at least not up to the amount of $31,990).[2]

---

[1]According to the Kelly Blue Book, the value of the Hummer is close to this amount.

[2]For this reason the Government has indicated to Martell that it will release the vehicle to him in exchange for the payment of $31,990.

## CONCLUSION

For the foregoing reasons, the claim asserted by Chad R. Martell to one 2003 Hummer H2, VIN No. 5GRGN23U53H132573 should be denied and the Hummer should be forfeited to the government.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Michael P. Iannotti

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December 2005, I caused a copy of the foregoing GOVERNMENT'S MEMORANDUM WITH RESPECT TO THE CLAIM OF CHAD R. MARTELL to be forwarded, by regular mail, to:

Michael L. Cozzolino
42 Granite Street
Westerly, RI 02891

08:07 FROM-Rhode Isla Union +401-553-2244 T-873 P.002/005 F-751

Funds withdrawn from account. Renskip Motors - Donna Garcia - purchased this check - taken out of business

**OFFICIAL CHECK**

CITIZENS BANK
New London, Connecticut

973469339-4

MAY 14, 2004

PAY **$67,920.29** DOLLARS

TO THE ORDER OF ***R.I. CREDIT UNION***

MEMO:

Drawee: Citizens Bank of Connecticut

AUTHORIZED SIGNATURE

Issued By Integrated Payment Systems Inc., Englewood, Colorado
Bank One, NA, Denver, Colorado

⑈0700 26⑈ ⑆10 2000977⑆ 68009734693391⑈ ⑈0006792029⑈

860-599-1684

Posted 05-14-2004 Reference Number 71 61557840

Serial 0000000070026 Routing 10200097 Account 68009734693391 Amount 67920.29

MAY 14 2004

EXHIBIT ONE