IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. CR. NO. 04-069T

RENATO M. GARCIA, a.k.a
Renato M. Costa Ponta-Garca

**MEMORANDUM IN SUPPORT OF THE CLAIMANT, CHAD MARTEL'S CLAIM FOR SEIZED PROPERTY**

Now comes the claimant, Chad Martel, and files his memorandum in support of his claim for certain property seized in the above entitled matter, namely a 2003 Hummer H2, VIN No.5GRGN23U53H132573 on or about May of 2004 from Renskip Motor Sales pursuant to an arrest warrant and seizure against all assets and inventory and real estate of Renskip Motor Sales, Inc. and Renato Garcia by the United State of America.

As a factual basis for the claim of Chad Martel, he incorporates his Statement of Facts in support of his claim attached hereto.

**ISSUE**

Whether the facts as set forth by the claimant, Chad Martel, establish that the claimant has an ownership interest in said vehicle sufficient to substantiate the return of the property to the claimant.

**POINTS AND AUTHORITY**

It is undisputed that in order for the claimant to be awarded the return of seized property, he must satisfy five (5) elements as set forth in the *United States v. Schwimmer*, 968F. 2d. 1570, at

1580. Said elements are that the petitioner must:

1. Assert a right, title or interest;
2. That the interest must be in property that was order forfeited;
3. That the claimant must have a legal right, title or interest in and to said property;
4. That said interest must render the forfeiture order invalid in whole or in part;
5. Because either

    (a) that claimant's interest was vested at the time of the commission of the illegal acts or

    (b) the petitioner's interest was superior to the defendant's interest at the time of the commission of the acts.

Martel would assert that he has met all legal requirements to entitle him to standing in this matter and to substantiate the return of the seized property. It is not disputed that the motor vehicle was seized pursuant to a raid as set forth in Martel's statement of the facts. Additionally, during the course of said seizure, the United States of America seized certain documentation evidencing Martel's legal title and interest in the seized property. Martel has attached in his statement of facts a photocopy of his title to the vehicle which was also registered and insured by him.

Martel had no prior knowledge of any of the wrongdoings of the Defendant Mr. Garcia and there are no allegations that Martel in any way participated or acquiesced in any wrongdoing resulting in the arrest and conviction of Mr. Garcia. In fact, Martel was merely a bona fide purchaser of this vehicle from Garcia.

The United States of America stands in the shoes of the Defendant Mr. Garcia _County of Oakland v. Vista Disposal_, 840 Supp. 75, 77 (E.D. Mich. 1993) and, in this particular case, is merely an unsecured creditor at best. The United States of America has asserted that Garcia and/or Renskip Motor Sales had made a payoff of the outstanding loan on Martel's vehicle. Although Martel has no specific or actual knowledge of the party making the payoff on said vehicle he concurs that such

a payoff has been made and that the vehicle was free and clear of any liens or encumbrances at the time of the seizure.

Provided that Garcia/Renskip satisfied the outstanding loan on the vehicle, this fails to award Garcia a legal, vested interest in the vehicle superior to that of Martel. There is no documentation evidencing any contract of sale between Martel and Defendant, nor is there any written contract or authorization for the Defendant to purchase said vehicle.

There are no allegations that Garcia was under any contract, obligation or right to purchase the vehicle from Martel. And as such, the Garcia is merely an unsecured creditor, at best, of Martel. If the United States of America had not executed a seizure on Martel's property, he could have, without issue, negotiated a title to a third person without any legal obligation to satisfy Garcia from any proceeds of such a sale. Although Garcia may have some equitable claim against Martel he has no specific, identifiable, or secured interest in and to that specific vehicle.

The argument as set forth by the United States of America is completely in opposition to the position it took in a companion claim against the Garcia seizure by Richard Vendola. In that particular case, Mr. Vendola made a claim for the sum of $57,000.00 in funds seized in the Garcia raid claiming that he was entitled to said funds for the proceeds of a vehicle which he allegedly sold through Renskip Motor Sales but he never had title or an executed Contract of Sale. Mr. Vendola did however secure a loan against said vehicle. The government, in that claim, argued successfully that Mr. Vendola's claim was indeed unsecured and he had no specific or enforceable claim in and to those particular funds as he was merely a general creditor of the account and lacked a legal interest in the forfeited property. In citing *United States v. McCorkle*, 143 F. Supp. 2d. 1311, 1319-20 (M.D. Fla. 2001), the United States of America noted that a general creditor has no vested or superior interest in particular assets forfeited unless he not only has a secured a judgment against the debtor, but also has perfected a lien against a particular item.

It is Martel's assertion that he was a bona fide purchaser of value of the vehicle in April of 2003 from Renskip Motor Sales. He asserts that he has no knowledge of any wrongdoing or illegal

activity or conduct of the Defendant Garcia and/or Renskip Motor Sales. He had a perfected title to said property through the State of Vermont which is superior to all unperfected claims. The claim of Garcia is at best an unsecured general creditor of claimant and not entitled to a specific interest in this forfeited property. Martel has a legal interest in the seized property, for the purposes of the forfeiture statute, and his interest is in a specific asset as opposed to a generalized interest in an entire estate or account.

The government in its' memorandum states that the preliminary order of forfeiture was against Renato Garcia and all of his assets in Renskip Motor Sales, Inc. However, the notice of forfeiture (a true copy attached hereto) states only that all assets of Renskip Motor Sales, Inc. is subject to forfeiture.

In the government's claim, it states that the loan on Martel's vehicle was paid by Garcia. However, a copy of the check as provided by the government indicates a certified check payable to Rhode Island Credit Union and does not indicate the party presenting said check whether it be in the name of Renskip Motor Sales, Inc. or Renato Garcia individually. Additionally, the Garcia check does not indicate the vehicle to be paid off nor the source of funds for the payoff of said loan.

The government does not indicate any floor plan, inventory list, or other such documentation evidencing the assets or inventory of Renskip Motor Sales, Inc. Upon information and belief, there were other vehicles on the subject location or listed for sale on the Internet by Renskip Motor Sales, Inc. which were indeed not the property of Renskip Motor Sales, Inc. It is Martel's contention that the Hummer was not an asset or inventory of Renskip Motor Sales, Inc. insofar as there was no agreement to purchase, verbally or in writing, said vehicle by Renskip Motor Sales, Inc./or Garcia.

Martel would refer to the government's brief wherein it states that under Rhode Island law, a contract for the sale of goods more than $500.00 is only enforceable when reduced to writing; or in lieu of a contract, when payment for goods has been made and accepted or when goods have been received and accepted. (Uniform Commercial Code, R.I.G.L. §6a-2-201). Garcia or Renskip Motor Sales cannot claim ownership of the vehicle under the same scenario in that there was no writing

evidencing an agreement for Martel to transfer this vehicle to Garcia/Renskip. Absent such a writing, the claim of Garcia would not be enforceable against Martel in that the agreement was never consummated by and between the parties and Garcia cannot now claim that he is entitled to retrieve the vehicle absent a written contract. Since the government steps into the shoes of Garcia, it would likewise have no claim to enforce any sums advanced against the payoff of the vehicle loan as a secured debt.

The government in its' brief cites *Hunt v. Century Indemnity Co.*, 58 R.I. 336, 192 A. 799 (1937) stating that a vendee may have superior rights to a vehicle where money has been paid for the vehicle, but title not yet transferred. Yet again, Martel would argue that neither Renskip nor Garcia were vendees of Martel. Renskip Motor Sales, Inc. never had any intention of purchasing the vehicle and was not a vendee under the facts as set forth in this case. At best, Garcia/Renskip was merely holding the Martel vehicle for a potential purchaser due to Martel's absence from the Rhode Island area. In the best case scenario, Garcia would be compensated by way of a payment by Martel from the proceeds of sale of the vehicle. It was never the intention of the parties for Martel to transfer the vehicle to Garcia or grant Garcia any security interest in this automobile.

Martel would request that the Court find, based on the facts as proposed, that Martel has established by a preponderance of the evidence that he has a legal right, title, and interest in the property, and such right, title and interest renders the order of forfeiture invalid and whole because the right, title and interest of Martel was vested in him rather than Garcia or that Martel's right, title and interest was superior to that of Garcia at the time of the commission of the act which gave rise to the forfeiture of the property under federal statute.

The purpose behind the criminal forfeiture statute is not just to sanction illegal conduct, but also to strip drug dealers of their economic power. *US v. Ben-Hur*, C.A. 7 (Wis.) 1994, 20 F. 3d 313. Garcia in the within matter has no interest in this vehicle and, if the Court deems it appropriate to return the vehicle to Martel, Garcia will in no way have profited or received any economic benefit by the return of this seized vehicle.

**CONCLUSION**

WHEREFORE, the claimant, Chad Martel, would seek an order of the Court to return the asset, to wit: 2003 Hummer H2 motor vehicle, to Chad Martel along with any associated paperwork, original title, license plates or any other related documentation, along with such further relief as this Honorable Court deems meet and just.

Respectfully submitted,
Chad Martel

By: ______________________________

Michael L. Cozzolino, Esq. (#3305)
42 Granite Street
Westerly, Rhode Island 02891
(401) 596-9000
(401) 596-7796 - Fax

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to Attorney Michael Iannotti, U.S. Department of Justice, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903, by first class mail, postage prepaid on the 28 day of December, 2005.

______________________________
Michael L. Cozzolino

**NOTICE OF FORFEITURE**

Notice is hereby given that on April 19, 2005, in the case of United States v. Renato M. Garcia, CR. No. 04-069T, the United States District Court for the District of Rhode Island entered a Preliminary Order of Forfeiture condemning and forfeiting to the United States of America the following:

1. all of the stock, assets, and inventory of the business known as RENSKIP MOTOR SALES, INC., 85 Main Street, Westerly, Rhode Island, including, the following:

(a) fixtures;

(b) computer hardware and software;

(c) office equipment, including, but not limited to, copying machines, calculators, telephones, and fax machines;

(d) audio and video equipment, including, but not limited to, televisions and surveillance cameras affixed to the premises;

(e) the motor vehicles seized from Renskip Motor Sales, Inc. on May 25, 2004 listed in Exhibit A attached hereto and made a part hereof;

(f) a 1997 Mercedes Benz S600, VIN: WDBGA76G2VA358130 seized on July 16, 2004 from Richard Vendola in Westerly Rhode Island pursuant to the execution of a federal seizure warrant;

(g) a 2001 Ford F350 Turbo Diesel, VIN: 1FTSX31FX1EA46268 seized on July 22, 2004 from Bob Valenti Auto Mall in Mystic Connecticut, pursuant to the execution of a federal seizure warrant;

(h) automotive parts and equipment including but not limited to 9 Hummer tires;