UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff<br><br>Vs.<br><br>**FOURTEEN THOUSAND AND FIVE HUNDRED ($14,500.00) DOLLARS IN U.S. CURRENCY AND TWELVE THOUSAND, FOUR HUNDRED AND FIFTY DOLLARS ($12,450.00) IN U.S. CURRENCY, TOTALING TWENTY SIX THOUSAND NINE HUNDRED AND FIFTY DOLLARS ($26,950.00) DOLLARS IN U.S. CURRENCY**<br>Defendant | ) | **CASE # CR-04-069 T** |

MOTION FOR VERIFIED CLAIM AND MONEY SEIZED

BY ASSET FORFEITURE IN ALEXANDRIA, VIRGINIA.

Comes now, the defendant, **RENATO GARCIA**, through Pro-se litigation, respectfully moves this Honorable Court to grant this petition because the claimed money was not part of the criminal investigation under case number referenced above, neither was the claimed money, $26,950.00 referenced in defendant's plea agreement nor was it subject to any forfeiture. Several correspondence letters were written to U.S. Department of Justice, Drug Enforcement Administration : attn: Asset Forfeiture Section 2401, Jefferson Davis Highway, Alexandria, VA 22301, that has the claimed money, but through correspondence and feedback received from the D.E.A. dated September 28, 2005, it alleges

that on September 23, 2005, the Drug Enforcement Administration (DEA) sent notice of seizure letters to you and your client, **RENATO GARCIA,** in connection with the seizure of the referenced funds. Be advised that the letters were sent in error. See attached as exhibit 1. In fairness, to the defendant, the $26,950.00 should be returned because it has no significant bearing to this criminal case.under which the defendant was charged and convicted. His plea agreement did not contain this seized money belatedly taken by the D.E.A.

**JURISDICTIONAL STATEMENT**

The jurisdiction of this Honorable Court is Invoked pursuant to his motion to collect his money Twenty Six Thousand, Nine Hundred and Fifty Dollars ($26,950.00) Dollars in U.S. currency. This Honorable Court has vested subject matter jurisdiction to entertain this cause of action.

As a preliminary matter, petitioner hereby asserts that he is not an attorney and has no legal or professional background pertaining to drafting or filing motions. The petitioner prays that this Honorable Court would review his motion liberally pursuant to Supreme Court rulings under HAINES V. KERNER, 405 U.S. 319 (1972).

As squarely put by the Court in SOTO V. WALKER, 441 F.3d 169, (2nd Circuit 1995), Pro-se motion must be liberally construed and interpreted to raise the strongest arguments that they suggest. (ID at 173).

And likewise, as set forth very well in CLISBY V. JONES, 960 F.2d 925-27, 935-38, (11th Circuit 1992) (en banc), "All grounds and issues" must be specifically addressed and disposed of on their merits if the records and files of a case available to the District Court do not conclusively show tha tthe petitioner is entitled to no relief. Non-address of issues or grounds or blanket conclusary statement regarding merits shall not be deemed as an appropriate method of disposing of claims and a Court of Appeals can do nothing more than remand to the District Court for a proper address and reconsideration, "Any allegation that implicated a Constitutional violation is grounds for relief and an issue for a District Court to settle."

The allegation made herein are serious and constitutes very thorny issues and question. This shall require the Court to proceed with caution. Therefore, this pleading is the equivalent of an affidavit and a verified of his money, twenty six thousand, nine hundred and fifty ($26,950.00) dollars in U.S. currency. As such , this action cannot be subjected to summary judgement as a matter of law in this Court, and an evidentiary hearing shall be required to establish a record on disputed facts. "Complaint is equivalent to an affidavit and protected from summary judgement." See HOOKS V. HOOKS, 171 F.2d 935-46 (6th Circuit 1985).

**STATEMENT OF THE CASE**

The defendant, **RENATO GARCIA,** plead guilty to each of the three counts of the indictment which charges that defendant, with the intent to avoid a

transaction reporting requirement under federal law, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce involving property represented by a person acting at the direction of an with the approval of a federal official, authorized to investigate violations of 18 USC Section 1956, to be the proceeds of the sale and distribution of a controlled substance, in violation of 18 USC Section 1956 (a)(3)(C).

The defendant admitted to the sentencing allegations as stated in the indictment. The defendant consented to the forfeiture of the real and personal property described in the forfeiture allegations stated in the indictment.

The defendant agreed to be sentenced pursuant to the United States Sentencing Guidelines. Defendant agrees that the sentencing Judge can find by a preponderance of the evidence any fact which is relevant to both determining his guideline sentencing range. The defendant timely pled to the instant charges.

The defendant hereby avers the following in support of his motion to obtain his money back. Several correspondence letter were written to D.E.A. in an attempt to obtain his money.

(1)

A letter dated September 28, 2005 was sent to D.E.A. See attached as Exhibit 1.

(2)

On August 20, 2005, a letter was sent to U.S. Department Administration, attn: Asset Forfeiture Section, 2401 Jefferson Davis Highway, Alexandria, Va 22301 based upon a notice received from D.E.A. alleging that the defendant must contest the forfeiture. See the letter sent as Exhibit 2.

(3)

On April 12, 2006, the defendant sent another correspondence to U.S. Department Administration, attn: Asset Forfeiture Section, 2401 Jefferson Davis Highway, Alexandria, VA 22310, showing a legitimate interest regarding his money, $26,950.00. See the attached letter as Exhibit 3.

(4)

On June 22, 2006, the defendant wrote another correspondence letter to U.S. Department of Justice, Drug Enforcement Administration, attn: Asset Forfeiture Section, 2401 Jefferson Davis Highway, Alexandria, VA 22310. See attached as Exhibit 4.

(5)

On July 14, 2006, a response to defendant's letter dated June 23, 2006, was sent by Carmen Pomares, Senior Attorney, Asset Forfeiture Section, alleging that the Drug Enforcement Administration (DEA) received defendant's latest correspondence regarding the above-referenced seizure. That the defendant's letter dated September 28, 2005, DEA informed the defendant that his claim had been accepted and referenced to the United States Attorney's Office for the District of Rhode Island. See the attached letter received as

Exhibit 5.

The defendant believes he has a legitimate standing to his money, twenty six thousand, nine hundred and fifty ($26,950.00) dollars in U.S. currency and prays that this Honorable Court grant this motion and issue a memorandum order to U.S. Department of Justice , Drug Enforcement Administration, attn: Asset Forfeiture Section, 2401 Jefferson Davis Highway, Alexandria, VA 22301 to return the defendant's money ($26,950.00) and disburse it as follows:

- $13,475.00 should be mailed to:
  Jennifer Mitchell
  32 E.H. Colchester Tpke.
  Moodus, CT 06469
  -and-
- $13,475.00 should be mailed to:
  Bobby Bashorun
  Reg. # 09165-424
  M.V.C.C.
  555 Cornell Drive
  Philipsburg, PA 16866

The Government was aware of this money and it is not related to the forfeiture signed by the defendant. The Government will not be prejudiced if such money is returned to the defendant.

WHEREFORE, the defendant prays that this Honorable Court grant this motion and further reliefs which this Honorable Court deemed justifiable and proper, in this matter.



Respectfully Submitted,

Renato Garcia#05470-070

CERTIFICATE OF SERVICE

A copy of the foregoing motion was mailed to attn: U.S. Department of Justice, Drug Enforcement Adminsitration, Attn: Asset Forfeiture Section, 2401 Jefferson Davis Highway, Alexandria, VA 22301 via first class mail on this 25th day of ~~August~~ September 2006. Under the penalty of perjury laws of the United States of America pursuant to 28 USC 1746.

Respectfully Submitted,

Renato, Garcia#05470-070

U. S. Department of Justice
Drug Enforcement Administration

Exhibit 1

*www.dea.gov*

September 28, 2005

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

William Dimitri
Attorney at Law
462 Broadway Avenue
Providence, RI 02909

RE: DEA Case Number CH-03-0058
Asset ID Numbers 05-DEA-455299 and 05-DEA-455304
$14,500.00 U.S. Currency and $12,450.00 U.S. Currency, respectively

Dear Mr. Dimitri:

On September 23, 2005, the Drug Enforcement Administration (DEA) sent notice of seizure letters to you and your client, Renato Garcia, in connection with the seizure of the referenced funds. Be advised that the letters were sent in error. The DEA will not initiate administrative forfeiture proceedings against the referenced funds. The United States Attorney's Office for the District of Rhode Island is handling the forfeiture of the referenced funds. Any and all matters pertaining to the referenced funds should be directed to that office.

Sincerely,

Carmen R. Pomares

Carmen R. Pomares
Senior Attorney

Cc: AUSA Michael P. Iannotti
District of Rhode Island

Renato Garcia #054-70-070
SCI Elkstown
P.O. Box 89
Elkstown, OH 44415

August 20, 2005

Renato, Garcia
Reg No: 05470-070
F.C.I. Elkton
P.O.Box 10
Lisbon, Ohio 44432-0010

Re: Case#CH-03-0058
Property: $26,950
Seizure date: 07/25/05
Seizure place: Westerly,RI

U.S.Department of Justice
Drug Enforcement Administration
Attn: Asset Forfeiture Section
2401 Jefferson Davis Highway
Alexandria, VA 22301

**TO WHOM IT MAY CONCERN:**

Dear Sir/Madam,

This is to inform this office that I intend to pursue and retrieve my personal property, (**$26,950.00** U.S.Currency) that was seized after all my plea agreement proceedings have been finalized.

There was nothing in my plea agreement that would have warranted a seizure of **$26,950.00** U.S.Currency subsequently undertaking by the DEA authority figures.

Your prompt respond to this crucial matter will be greatly appreciated.

Sincerely,

[signature]

April 12, 2006

**Renato, Garcia**
Reg No: 05470-070
M.V.C.C.
Unit A
P.O.Box 2000
Philipsburg, PA 16866-0798

Re: Case#CH-03-0058
Property$ **26,950.00** U.S. Currency
Seizure date: 07/25/05
Seizure place: Westerly, RI

U.S.Department of Justice
Drug Enforcement Administration
Attn: Asset Forfeiture Section
2401 Jefferson Davis Highway
Alexandria, VA 22301

**TO WHOM IT MAY CONCERN:**

Dear Sir/Madam,

This is my second correspondence letter addressed to this office in an effort to retrieve my personal property,(**$26,950.00**), which was never part of my plea agreement, under the properties to be forfeitured.

I wrote a letter, dated August 20, 2005, to this office, advising that I will like my money returned to me, and all efforts to receive my money resulted to no avail.

On September 28, 2005, I wrote a letter to my attorney, (William C. Dimitri Esq) asking why DEA has placed a forfeiture on my personal property,(**$26,950.00**).

Your feedback to this letter will be highly appreciated.

Sincerely,

[signature]

Exhibit 4

June 22nd, 2006

**Renato, Garcia**
Reg No: 05470-070
M.V.C.C.
Unit A, P.O.Box 2000
Philipsburg, PA 16866-0798

Re: Case#CH-03-0058
Property: **$26,950.00**
Seizure date: 07/25/05
Seizure place: Westerly,RI

U.S.Department of Justice
Drug Enforcement Administration
Attn: Asset Forfeiture Section
2401 Jefferson Davis Highway
Alexandria, VA 22301

**THIRD ATTEMPT**

**TO WHOM IT MAY CONCERN:**

Dear Sir/Madam,

This is my 3rd letters addressed to this office in an attempt to collect my personal property,(**$26,950.00** U.S.Currency).

I have repeatedly made my intention known by seeking my money, or the return of my money before I seek judicial adjudication regarding this cause of action.

Your cooperation by furnishing my request in a timely fashion will be highly appreciated.

Sincerely,

[signature]

**U.S. Department of Justice**
Drug Enforcement Administration

Exhibits

*www.dea.gov*

JUL 1 4 2006

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Garcia Renato, Reg No: 05470-070
M.V.C.C.
Unit A
P.O. Box 2000
Philipsburg, PA 16866-0798

RE: DEA Case No. CH-03-0058

Asset I.D. No. 05-DEA-455304
Property: $ 12,450.00 U.S. Currency

Asset I.D. No. 05-DEA-455299
Property: $14,500.00 U.S. Currency

Dear Mr. Renato:

The Drug Enforcement Administration (DEA) received your latest correspondence regarding the above-referenced seizure. By letter dated September 28, 2005, DEA informed you that your claim had been accepted and referred to the United States Attorney Office for the District of Rhode Island. **Please direct all further inquiries regarding this matter to the United States Attorney Office, District of Rhode Island.**

Sincerely,

Carmen Pomares
Senior Attorney
Asset Forfeiture Section

Cc: William Dimitri
Attorney at Law
462 Broadway Avenue
Providence, RI 02909