**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ORIGINAL Copy

**UNITED STATES OF AMERICA** :
Respondent/Appellee :
:
Vs. :
:
**RENATO M. GARCIA AKA RENATO DA COSTA** :
**PONTA-GARCIA** :
Fourteen Thousand and five hundred :
($14,500.00) dollars in U.S. currency :
and twelve thousand, four hundred :
and fifty dollars ($12,450.00) in U.S.:
currency, totaling twenty six :
thousand, nine hundred and fifty :
dollars ($26,950.00) dollars in U.S. :
currency. :
Defendant/Petitioner :

**CASE # Cr-04-069-T**

---

Petitioner's response to government's opposition motion to his verified claim of money ($26,950.00) dollars in U.S. currency.

---

Comes now the petitioner, **RENATO GARCIA**, through pro-se litigation, respectfully moves this Honorable Court to grant this petition and dismiss government's response in opposition to his motion to regain his $26,950.00 (twenty six thousand, nine hundred and fifty dollars) in U.S. currency that has no significant connection to the plea agreement he signed pertaining to properties to be seized or properties to be forfeited. The two checks totaling $26,950.00 as enumerated above stemming from honest proceeds, dated May 21, 2004, made and issued by Valenti Toyota ("Valenti") and made payable to Renskip Motor Sales ("Renskip") in the amount of $12,450.00 and $14,500.00, respectfully as payment for Valenti's purchase of two vehicles from Renskip. See copies of such checks as exhibits A and B attached.

## JURISDICTIONAL STATEMENT

This Honorable Court has vested subject matter jurisdiction to entertain this cause of action. The jurisdiction of this Honorable Court is invoked pursuant to his response petition to government's opposition response to obtain his asset, $26,950.00 that has no significant bearing to the forfeited properties signed by petitioner in his plea agreement.

## STATEMENT OF THE CASE

On January 18, 2005, the petitioner signed a consent decree in which he agreed to the forfeiture of "all of the stock, assets, and inventory of the business known as Renskip Motor Sales, Inc. --- including the following ---- (10 cash, currency, coins, and checks ----- except checks no. 58887, in the amount of $14,500.00 and check no. 58886, in the amount of $12,500.00, which the petitioner has a legitimate standing upon to claim.

The government alleges the following in its opposition response motion:

(1) That on February 23, 2006, the government filed a motion for entry of a final order of forfeiture which specifically included the above-referenced proceeds of the checks.

(2) That any administrative forfeiture notices regarding checks that may have been sent from the Drug Enforcement Administration in Alexandria, Virginia to the defendant were sent in error as the checks were already being criminally forfeited as assets of Renskip.

(3) That since the proceeds of the above-referenced checks were properly forfeited to the United States as assets of Renskip, the defendant's

"motion for verified claim and money seized by asset forfeiture in Alexandria, Virginia" should be denied.

As a preliminary measure, the petitioner hereby avers that he is not an attorney, and has no legal or professional background pertaining to filing or drafting motions. The petitioner prays that this Honorable Court would liberally construe his motion in light of Supreme Court rulings under HAINES V. KERNER, 404 U.S. 519, 30 L.ed 2d 652 (1972); CRUZ V. BETO, 405 U.S. 319 (1972).

As squarely put by the Court in SOTO V. WALKER, 441 f.3d (2nd Circuit 1995), "Pro-se motion must be liberally construed and interpreted to raise the strongest arguments that they suggest. Id at 173.

It would be axiomatic to deduce that it would be fundamentally mis-carriage of justice if the petitioner's money ($26,950.00) is not returned to him. The government was aware of these checks and it was disclosed in his financial statement to the government.

Several correspondence letters were written to U.S. Department of Justice, Drug Enforcement Administration, attn: Asset forfeiture Section, 2401 Jefferson Davis Highway, Alexandria, VA 22301, that has his $26,950.00 when he became aware of the forfeiture, but through correspondence letters and feedback received for the D.E.A. dated September 28, 2005, addressed to my lawyer, William C. Dimitri, Esq, located at 462 Broadway, Providence, Rhode Island 02909, that on September 23, 2005, the Drug Enforcement Administration (DEA)

sent notice of seizure letters to you and your client, **RENATO GARCIA**, in connection with the seizure of the referenced funds, ($26,950.00). Be advised that the letters were sent in error. See the established exhibit 1 sent with his original motion filed before this Court.

It is crystal clear that the two checks referenced in government's response motion was not part of the forfeiture proceedings.

The petitioner began an inquiry to all the money owed to him on or about two weeks after he wrote a letter to Valenti Toyota on behalf of Renskip and Valenti Toyota indicated that before the checks will be re-issued, it would call the government and once the government was called, the government instructed Valenti Toyota to fax to them copies of those checks. Initially, these checks were made payable to Renskip Motor Sales, see exhibit A and N attached. The government also informed Valenti Toyota to re-issue these checks and make it payable to U.S. Marshal Service.

At no time during the defendant's plea agreement colloquy of there-after was he informed by the government that the claimed money ($26,950.00) will be part of the forfeiture proceedings.

At no time was the defendant made aware either by defense counsel or through government that a motion for entry of a final order of forfeiture which specifically included the above referenced proceeds of the checks was filed.

Although, an order was entered on March 29, 2006, regarding the forfeiture of claimed checks which the defendant was not aware of. It is obvious that

one cannot be held liable on an omission act without affording him a due process right to defend himself. The claimed checks was not part of the forfeiture under which he pled. Neither was the claimed checks alleged in his pre-sentence report, nor was he informed that the government has an interest on the money.

The government knew of defendant's address, but failed to provide him with a copy of the motions. In order to afford him an ample opportunity to defend himself. Any final order or summary judgement issued as a result of this proceedings **must** be reversed, in the interest of justice. The government did not allege in its response motion that a copy of the February 23, 2006, motion was either forwarded to the defendant nor delivered to him by Sheriff's department.

Although, the government on page 2 of its response motion alleges that the motion and proposed order were served on the defendant's counsel, William C. Dimitri, esq and no objection to the motion was filed by counsels but the government failed to provide the defendant a copy of such motion. The government should have mailed a copy of the final order motion filed on February 23, 2006, the same way it was referenced by its certificate of service attached to its response motion to defendant's verified claimed ($26,950.00) motion as exhibit C.

The defendant was not afforded an opportunity to defend himself. Any information sent to a party or an address which is not defendant's address should automatically warrant a reversal of any disposition rendered. See

FOEL V. U.S., 238 f.3d 478 (3rd Circuit 2001). There should not be any summary judgement or final order until the defendant was afforded the opportunity to defend his legitimate money. As a matter of fact, as soon as the defendant was made aware that the D.E.A. was going to forfeit his money, he wrote several letters, claiming that he was dominion and legitimate standing on the verified claimed ($26,950.00). See letters attached to his original motion that was marked as exhibit 2 through 4, to further substantiate his willingness and interest in his claimed, verified money, ($26,950.00). In FOEL, 238 f.3d 478 (3rd Circuit 2001), the Court held that "sending a forfeiture notice to a wrong address warranted a reversal of summary judgement." See also U.S. V. WOODHALL, 12 f.3d 791 (8th Circuit 1993), the Court held that : The District Court erred in refusing to consider whether D.E.A. violated his due process rights by not giving adequate notice of the administrative forfeiture. Revered and remanded, see U.S. V. MINOR, 228 f.3d 352, 357 (4th Circuit 2000); U.S. V. CLAGETT, 3 f.3d 1355, 1356 (9th Circuit 1993); ONWUBIKO V. U.S., 969 f.2d 1392, 1398-99 (2nd Circuit 1992).

Wherefore, the defendant prays that this Honorable Court would reverse the order rendered on March 29, 2006, a final order of forfeiture on the above referenced money ($26,950.00) and grant this petition and issue an order, directing the Department of Justice, Drug Enforcement Administration, attn: Asset Forfeiture Section, 2401 Jefferson Davis Highway, Alexandria, Va 22310 and Office of United States Attorney, respectively, to forward to the defendant, his ($26,950.00) verified claimed money, to the below interested parties as referenced by the defendant and disburse the money as follows:

(1) Jennifer Mitchell
32 E.H. Colchester Tpke. ----- $13,475.00
Moodus, CT 06469

-and-

(2) Bobby Bashorun
1609 Country Lakes Drive - Apt. 105 ----- $13,475.00
Naperville, Il 60563

Respectfully submitted,

Renato Garcia
Reg. # 05470-070

**CERTIFICATE OF SERVICE**

A copy of the foregoing motion was mailed to the below interested parties via first class postage, on this 31st day of October, 2006, under the penalty of perjury laws of United States of America pursuant to 28 USC Section 1746.

**INTERESTED PARTIES**

(1) Drug Enforcement Administration
Attn: Asset Forfeiture Section
2401 Jefferson Davis Highway
Alexandria, VA 22310

(2) William C. Dimitri, ESQ
462 Broadway
Providence, RI 02909

(3) A.U.S.A.
Attn: Michael P. Lannotti
Fleet Center
50 Kennedy Plaza - 8th Floor
Providence, RI 02903

Respectfully submitted,

Renato Garcia
Reg. # 05470-070

TOYOTA

VALENTI TOYOTA
4 Langworthy Rd.
WESTERLY, RI 02891

EXHIBIT A

57-85
115

CHECK# 58887

58887

PAY **FOURTEEN THOUSAND FIVE HUNDRED DOLLARS AND 00/100**

| DATE | AMOUNT |
|---|---|
| 05/21/04 | $14,500.00 |

TO THE ORDER OF
RENSKIP MOTOR SALES
85 MAIN ST
WESTERLY RI 02891

VALENTI TOYOTA

THE WASHINGTON TRUST CO.
WESTERLY, RHODE ISLAND

⑈058887⑈ ⑆011500858⑆ 820179291⑈

---

TOYOTA

VALENTI TOYOTA
4 Langworthy Rd.
WESTERLY, RI 02891

EXHIBIT B

57-85
115

CHECK# 58886

58886

PAY **TWELVE THOUSAND FOUR HUNDRED FIFTY DOLLARS AND 00/100**

| DATE | AMOUNT |
|---|---|
| 05/21/04 | $12,450.00 |

TO THE ORDER OF
RENSKIP MOTOR SALES
85 MAIN ST
WESTERLY RI 02891

VALENTI TOYOTA

THE WASHINGTON TRUST CO.
WESTERLY, RHODE ISLAND

⑈058886⑈ ⑆011500858⑆ 820179291⑈

Per Monica –
checks are
still open

EXHIBIT A AND B