UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ORIGINAL COPY

UNITED STATES OF AMERICA
Respondent/Appellee,

Vs.

RENATO M. GARCIA AKA RENATO DA COSTA PONTA-GARCIA
Fourteen Thousand and five hundred ($14,500.00) dollars in U.S. currency and Twelve Thousand, four hundred and fifty dollars ($12,450.00) in U.S. Currency, totaling Six thousand, nine hundred and fifty dollars in U.S. currency. ($26,950.00).

CASE # Cr-04-069-T

---

Personal affidavit of **RENATO GARCIA** in support of his verified claimed $26,950.00, Twenty six thousand, nine hundred and fifty dollars in U.S. currency.

---

Comes now, the affiant, hereby depose the following in support thereof:

(1) I am the petitioner in the above referenced case number.

(2) That the claim verified money ($26,950.00) was disclosed in his financial statement to the government.

(3) That the government was aware of this money, but did nothing about it because it was not part of the defendant's plea agreement or forfeiture signed to by the defendant.

(4) On or about two weeks after the defendant was sentenced, the defendant began seeking the money owed to Renskip Motor Sales from Valenti Toyota, in the amount of Twenty Six thousand, nine hundred and fifty dollars in U.S. currency ($26,950.00).

(5) Valenti Toyota originally had issued two checks, check No. 58887. payable to Renskip Motor Sales in the amount of $14,500.00 and check No. 58886, payable to Renskip Motor Sales, in the amount of $12,450.00. Both checks totaling $26,950.00. See the attached exhibit A and B.

(6) That once the defendant's lawyer Mr. William C. Dimitri, esq contacted Valenti Toyota regarding this funds, Valenti Toyota indicated that it will inform the government first before re-issuing another check and once the government was called, the government told Valenti Toyota to fax the checks and make it payable to U.S. Marshal's Service.

(7) The defendant was not aware of any motion filed by the government regarding the forfeiture of the verified claim money $26,950.00, which he has legitimate dominion upon. The government had the defendant's address, but failed to provide him with a copy of such motion; therefore did not afford me an ample opportunity to defend himself, a due process violation.

(8) Once the defendant received a letter from the D.E.A. regarding forfeiture of his money, $26,950.00, he wrote several correspondence letters, showing dominion and legitimate standing to the money. His interest on the money brought a feedback received from D.E.A. dated September 28, 2005, that the letter sent on September 23, was sent in error regarding forfeiture.

(9) Had the government provided him a copy of the forfeiture, he would have vigorously pursued the money, just like he did when he received a letter of forfeiture sent by the D.E.A., asset forfeiture section, 2401 Jefferson Davis Highway, Alexandria, VA 22301 to his lawyer and a copy

to him.

(10) It would be a miscarriage of justice to penalize the defendant on an omission act where he was not afforded an ample opportunity to defend himself, a violation of due process, warranting a reversal of disposition rendered on March 29, 2006, in fairness of justice.

Further, the affiant sayeth naught:

Respectfully submitted,

[signature]
Signature of Affiant
(Renato Garcia #05470-070)

**NOTARY PUBLIC**

Mr. **RENATO GARCIA**, appeared before me and affixed his signature on this 3 pages personal affidavit, in my presence.

[signature]
Signature of Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Tammera Gondek, Notary Public
Decatur Twp., Clearfield County
My Commission Expires June 29, 2010
Member, Pennsylvania Association of Notaries

Tammera Gondek
Printed Name of Notary Public

My commission expires on June 29, 2010.